## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Teresa Halldorson, f/k/a
Teresa Gorshe,

        Plaintiff,

                                    Civ. No. 13-1224 (RHK/JJG)
                                    **ORDER**

v.

Emeritus Corporation,

        Defendant.

---

This matter is before the Court on Defendant's Motion for Judgment on the Pleadings (Doc. No. 5). For the reasons that follow, the Motion will be granted.

Plaintiff previously was employed by Defendant. She alleges that after returning from medical leave in late 2012, she was asked to sign a "Performance Expectations Memo," though she does not expound upon the contents of that document. (Compl. ¶ IV.) Plaintiff refused to sign, and as a result, Defendant terminated her employment. (Id. ¶¶ IV-V.) Plaintiff (through counsel) then commenced this action in the Hennepin County, Minnesota District Court. She alleges that Defendant "wrongfully terminated" her employment and "breached its legal duty to provide a fair and reasonable employment environment." (Id. ¶ VII.) Defendant removed the action to this Court based upon diversity jurisdiction and now moves for judgment on the pleadings under

Federal Rule of Civil Procedure 12(c).  Plaintiff has not responded to the Motion and failed to appear (through counsel or *pro se*) at the August 12, 2013 hearing.[1]

The standard governing a motion under Rule 12(c) is the same as that governing a motion to dismiss under Rule 12(b)(6).  Ashley Cnty., Ark. v. Pfizer, Inc., 552 F.3d 659, 665 (8th Cir. 2009).  To survive such a motion, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" do not suffice. Id. (internal quotation marks omitted).  Plaintiff's claims here simply do not pass muster.

As for "wrongful termination," Minnesota recognizes such a cause of action only in limited situations, such as when an employer terminates an employee (1) for refusing to participate in conduct violating the law or (2) in violation of public policy.  See, e.g., Nelson v. Productive Alts., Inc., 715 N.W.2d 452, 454-56 (Minn. 2006) (no wrongful-discharge claim for termination in response to plaintiff exercising his corporate voting rights); Phipps v. Clark Oil & Refining Corp., 408 N.W.2d 569, 571 (Minn. 1987) (recognizing claim where plaintiff was terminated after refusing to dispense leaded

---

[1] At the Court's behest, defense counsel sent a letter to Plaintiff (Doc. No. 14) advising that her failure to respond to the instant Motion could result in the dismissal of her case.  Despite that admonition, Plaintiff has filed no response.

gasoline in violation of federal law). The Complaint in this case contains no such allegations.

Regarding her second claim for a "fair and reasonable employment environment," Plaintiff has identified no law, rule, or regulation giving rise to a duty to provide such an environment, and the Court is aware of none.[2] Indeed, it appears that this claim is merely a re-labeled and re-cast assertion that Defendant terminated her employment after she refused to sign the "Performance Expectations Memo" – that is, wrongfully terminated her employment. And as explained above, such a claim cannot stand.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Defendant's Motion for Judgment on the Pleadings (Doc. No. 5) is **GRANTED** and Plaintiff's Complaint (Doc. No. 1, Ex. A) is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: August 13, 2013                    s/Richard H. Kyle
                                          RICHARD H. KYLE
                                          United States District Judge

---

[2] Perhaps Plaintiff intended to allege that Defendant subjected her to a hostile work environment, but the allegations in the Complaint would not support such a claim. See, e.g., Rasmussen v. Two Harbors Fish Co., 832 N.W.2d 790, 796 (Minn. 2013) (actionable hostile-work-environment claim requires conduct "sufficiently severe or pervasive to alter the conditions of [the victim's] employment") (alteration in original) (citation omitted).